**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CENTER FOR BIOLOGICAL DIVERSITY,**

    **Plaintiff,**

        **v.**

**U.S. ENVIRONMENTAL PROTECTION**
**AGENCY and MICHAEL REGAN, in his**
**Official capacity as Administrator, U.S.**
**Environmental Protection Agency,**

    **Defendants.**

**Case No. 21-cv-2210 (JDB)**

## <u>ORDER</u>

Upon consideration of [15] the Unopposed Motion for Entry of Consent Decree, and the entire record herein, it is hereby

    **ORDERED** that the motion is **GRANTED**; and it is further

    **ORDERED** that the attached consent decree is **ENTERED**.

    **SO ORDERED.**

                                      _____
                                        JOHN D. BATES
                                  United States District Judge

Dated: <u>July 25, 2022</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CENTER FOR BIOLOGICAL** | ) | |
| **DIVISITY** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  1:21-cv-2210-JDB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U.S. ENVIRONMENTAL PROTECTION** | ) | |
| **AGENCY and MICHAEL REGAN, in his** | ) | |
| **Official capacity as Administrator, U.S.** | ) | |
| **Environmental Protection Agency,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CONSENT DECREE

WHEREAS, on August 19, 2021, Plaintiff the Center for Biological Diversity ("CBD" or "Plaintiff") filed the above-captioned matter against the United States Environmental Protection Agency and its Administrator in his official capacity (collectively "EPA" or "Defendants"). *See* Compl. (ECF No. 1);

WHEREAS, Plaintiff alleges that EPA has failed to undertake certain non-discretionary duties under the Resource Conservation and Recovery Act ("RCRA" or "the Act"), 42 U.S.C. §§ 6901-6992k, and that such alleged failure is actionable under 42 U.S.C. § 6972(a)(2), or, alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706. *See* Compl. ¶¶ 4, 10-12;

WHEREAS, Plaintiff alleges that it filed a petition with EPA to classify discarded polyvinyl chloride ("PVC") as hazardous waste under RCRA and that EPA has failed to perform its non-discretionary duty to "take action" on Plaintiff's petition within a "reasonable time" as required by 42 U.S.C. § 6974(a). *See* Compl. ¶¶ 9-11.

WHEREAS, the Parties have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiff, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with RCRA and the APA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of the Parties, it is hereby ordered, adjudged, and decreed that:

1.      This Court has jurisdiction over the claims set forth in Plaintiff's Complaint and may order the relief contained in the Consent Decree.  Venue is proper in the United States District Court for the District of Columbia.

2.      If CBD executes this Consent Decree by April 20, 2022, then, no later than January 20, 2023, pursuant to 40 C.F.R. § 260.20(c), EPA shall sign a tentative decision on Plaintiff's petition to classify discarded PVC as hazardous waste under RCRA. If CBD does not execute this Consent Decree by April 20, then EPA shall sign a tentative decision no later than nine months after the date CBD executes this Consent Decree. EPA shall receive comments on this tentative decision, and respond, as appropriate, even if its tentative decision is to deny Plaintiff's petition.

3.      No later than two years after the signature of this consent decree by Plaintiff, EPA shall sign a final decision on Plaintiff's petition.

4.      Upon signing the documents described in Paragraphs 2-3, the appropriate EPA official shall forward each such document to the Office of the Federal Register for review and publication in the *Federal Register*.  Following such delivery to the Office of the Federal Register, EPA shall not take any action (other than is necessary to correct any typographical errors or other errors in form) to delay or otherwise interfere with the publication of each such notice in the Federal Register.

5.      Within seven (7) business days after forwarding the documents described in Paragraphs 2–3 to the Office of the Federal Register, EPA shall send copies of such documents to Plaintiffs.

6.       The deadlines set forth in Paragraphs 2–3 may be extended (a) by written stipulation of the Parties with notice to the Court, or (b) by the Court following a motion by EPA for good cause shown pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by Plaintiff and any reply by EPA.  Any other provision of this Consent Decree also may be modified by the Court following motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.

7.      The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

8.      Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded to EPA by RCRA or the APA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree.

EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9.      Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to 42 U.S.C. § 6976.  Nothing in the terms of this Consent Decree shall be construed to waive, limit, or modify any remedies, rights to seek judicial review, or defenses the Parties may have under 42 U.S.C. § 6976.

10.      Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

     a.    <u>For Plaintiff the Center for Biological Diversity:</u>

        Kristen Monsell
        Emily Jeffers
        Center for Biological Diversity
        1212 Broadway, Suite 800
        Oakland, CA  94612
        Email: kmonsell@biologicaldiversity.org
        Email: ejeffers@biologicaldiversity.org

     b.    <u>For Defendants EPA and Michael Regan in his official capacity:</u>

        Mark L. Walters
        U.S. Department of Justice
        Environmental and Natural Resources Division
        Environmental Defense Section
        P.O. Box 7611
        Washington, D.C. 20044
        Email: mark.walters@usdoj.gov

11.      The obligations imposed on EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA

obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable statute.

12.     The Parties recognize that the possibility exists that a lapse in the appropriations that fund EPA could delay compliance with the timetables in this Consent Decree.  If a lapse in appropriations for EPA occurs within one hundred twenty (120) days before any deadline in this Consent Decree, that deadline shall be automatically extended one day for each day of the lapse in appropriations.  Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the Parties or modification of this Consent Decree under Paragraph 7.

13.     The Parties agree that this Consent Decree shall constitute a complete and final settlement of all claims in the Complaint.

14.     In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The Parties shall meet and confer to attempt to resolve the dispute.  If the Parties cannot reach an agreed-upon resolution within fifteen (15) business days after receipt of the notice, any party may move the Court to resolve the dispute.

15.     No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be filed unless the procedure set forth in Paragraph 14 has been followed.

16.     The deadline for filing a motion for Plaintiff's costs of litigation (including reasonable attorneys' fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court.  During this period, the Parties shall seek to resolve informally any claim for costs of litigation (including reasonable attorneys' fees), and if they cannot, Plaintiff will file a motion for costs of litigation

(including reasonable attorneys' fees) or a stipulation or motion to extend the deadline to file such a motion.  EPA reserves the right to oppose any such request.

17.     The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to resolve any disputes thereunder, and to consider any requests for costs of litigation (including reasonable attorneys' fees).  After publication in the *Federal Register* of the final decision on Plaintiff's petition described in Paragraph 3 and resolution of Plaintiff's claim for costs of litigation, including attorneys' fees, EPA may move to have this Consent Decree terminated.  Plaintiff shall have thirty (30) days in which to respond to such a motion, unless the Parties stipulate to a longer time for Plaintiff to respond.

18.     If for any reason the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the Proposed Consent Decree's terms may not be used as evidence in any litigation between the Parties.

19.     The Parties treat this Consent Decree as jointly drafted, and any rules of construction that construe any ambiguities in this document against the drafting party shall be inapplicable in any dispute concerning the interpretation of this Consent Decree.

20.     The Parties agree and acknowledge that before this Consent Decree will be finalized and entered by the Court, EPA will provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment for 30 days.  After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to this Consent Decree. If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA intends to promptly file a motion that requests that the Court enter this Consent Decree.

21.     This Consent Decree applies to, is binding upon, and inures to the benefit of the Parties (and their successors, assigns, and designees).

22.     The undersigned representatives of Plaintiff and Defendants EPA and Michael Regan, in his official capacity, certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

SO ORDERED on this __25th__ day of ___July____, 2022.


_____
Honorable John D. Bates
United States District Judge

COUNSEL FOR PLAINTIFF:

Dated:  April ___, 2022

By: _____
Kristen Monsell (DC Bar No. CA00060)
Emily Jeffers (CA Bar No. 274222)
Center for Biolgoical Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7100
kmonsell@biologicaldiversity.org
ejeffers@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological Diversity*


COUNSEL FOR DEFENDANTS:

Dated: April __, 2022

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

By: _____
MARK L. WALTERS
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 616-9190
Fax: (202) 514-8865

*Counsel for Defendants the United States
Environmental Protection Agency and Michael
Regan, in his official capacity as Administrator,
United States Environmental Protection Agency*

COUNSEL FOR PLAINTIFF:

Dated:  April  12, 2022

By:  _____

Kristen Monsell (DC Bar No. CA00060)
Emily Jeffers (CA Bar No. 274222)
Center for Biolgoical Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7100
kmonsell@biologicaldiversity.org
ejeffers@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological Diversity*

COUNSEL FOR DEFENDANTS:

Dated: April __, 2022

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

By:  _____

MARK L. WALTERS
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 616-9190
Fax: (202) 514-8865

*Counsel for Defendants the United States*
*Environmental Protection Agency and Michael*
*Regan, in his official capacity as Administrator,*
*United States Environmental Protection Agency*

8

COUNSEL FOR PLAINTIFF:

Dated:  April ___, 2022

By:      _____

Kristen Monsell (DC Bar No. CA00060)
Emily Jeffers (CA Bar No. 274222)
Center for Biolgoical Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7100
kmonsell@biologicaldiversity.org
ejeffers@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological Diversity*


COUNSEL FOR DEFENDANTS:

Dated: ~~April~~ July 22 2022

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

By:      _____

MARK L. WALTERS
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 616-9190
Fax: (202) 514-8865

*Counsel for Defendants the United States*
*Environmental Protection Agency and Michael*
*Regan, in his official capacity as Administrator,*
*United States Environmental Protection Agency*

8